**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Elbert Wallace, Appellant.

Appellate Case No. 2011-196746

Appeal From Richland County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2013-UP-165
Submitted March 1, 2013 – Filed April 24, 2013

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General J. Anthony Mabry and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court."); *id.* ("The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."); *State v. Kelly*, 331 S.C. 132, 141, 502 S.E.2d 99, 104 (1998) ("In a criminal prosecution, the conduct of the jurors should be free from all extraneous or improper influences."); *id.* ("Unless the misconduct affects the jury's impartiality, it is not such misconduct as will affect the verdict."); *id.* ("The trial court has broad discretion in assessing allegations of juror misconduct."); *id.* at 141-42, 502 S.E.2d at 104 ("Relevant factors to be considered in determining whether outside influences have affected the jury are the number of jurors exposed, the weight of the evidence properly before the jury, and the likelihood that curative measures were effective in reducing the prejudice."); *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005) ("Generally, a curative instruction is deemed to have cured any alleged error."); *State v. Bantan*, 387 S.C. 412, 421-23, 692 S.E.2d 201, 205-07 (Ct. App. 2010) (holding no abuse of discretion when a trial court asked each juror if they could disavow an improper remark "then reminded the jury of its obligation to deliberate based solely on the evidence presented . . .").

**AFFIRMED.**[1]

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.